NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| GRUPO RAYCO C.A., | : : : : : : : : : : : : | Civil Action No. 19-6162 (SRC) |
| Plaintiff, | | OPINION |
| v. | | |
| DELTA AIR LINES, INC., | | |
| Defendant. | | |

**CHESLER**, District Judge

This matter comes before the Court on Defendant Delta Air Lines, Inc.'s motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and its motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). Plaintiff Grupo Rayco C.A. ("Plaintiff" or "Grupo Rayco") opposes the motion. The Court has reviewed the parties' submissions and proceeds to rule without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons expressed below, the Court will transfer this action to the United States District Court for the Northern District of Georgia in Atlanta pursuant to 28 U.S.C. § 1406(a). Insofar as the motion seeks dismissal for lack of personal jurisdiction and improper venue, it will be denied as moot in light of the transfer.

I. **BACKGROUND**

Briefly, this is a breach of contract action involving the purchase of sixty (60) airline tickets by Plaintiff, a Venezuelan travel agency, from Defendant. Plaintiff claims that Defendant wrongfully suspended forty-one (41) of the purchased airline tickets that it had issued to its

1

customers for use on Defendant's airline and claims that Defendant failed to provide Plaintiff with a full refund for the suspended tickets. Plaintiff alleges that Defendant's actions constitute a "breach of its contract with Plaintiff as implemented through [the International Air Transport Association's Billing and Settlement Plan]." (Compl. ¶ 6.)

Grupo Rayco, a travel agency licensed and registered in the city of Caracas, Venezuela, filed suit against Delta Air Lines in this Court on or about February 19, 2019. Defendant Delta Air Lines is a Delaware corporation with its principal place of business in Atlanta, Georgia.[1] This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332(a)(2).

## II. DISCUSSION

Defendant Delta asserts that it lacks sufficient contacts with the state of New Jersey to support personal jurisdiction and moves to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(2). The Third Circuit has held that, on a Rule 12(b)(2) motion, "the plaintiff must prove by affidavits or other competent evidence that jurisdiction is proper." Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009).

This Court, sitting in diversity, "may assert personal jurisdiction over a nonresident defendant to the extent allowed under the law of the forum state." Id. New Jersey's long-arm statute, N.J. Ct. R. 4:4-4, authorizes personal jurisdiction "as far as is permitted by the Fourteenth Amendment to the United States Constitution." Decker v. Circus Hotel, 49 F. Supp. 2d 743, 746 (D.N.J. 1999); see also Avdel Corp. v. Mecure, 58 N.J. 264, 268 (1971) (holding that New Jersey's long-arm rule "permits service on nonresident defendants subject only to 'due process of law'"). The Fourteenth Amendment's due process clause "limits the power of a state

---

[1] The Complaint states that Delta Air Lines is a Louisiana corporation with its principal place of business in Atlanta, Georgia. However, in Plaintiff's response to Defendant's motion, Plaintiff does not dispute Defendant's assertion that Delta Air Lines is a Delaware corporation with its principal place of business in Atlanta, Georgia. Plaintiff notes that it was "not on notice that defendant was a Delaware corporation . . . ." (Plaintiff's Opp. Brief 4.)

2

court to render a valid personal judgment against a nonresident defendant." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980). It is well-established that a determination of whether due process permits a court to assert its power over a nonresident defendant must focus on "the defendant's relationship to the forum State." Bristol-Myers Squibb Co. v. Superior Court, 582 U.S. ___, 137 S. Ct. 1773, 1779 (2017).

In that regard, Supreme Court jurisprudence has recognized two types of personal jurisdiction, general ("all purpose") jurisdiction and specific ("case-linked") jurisdiction, which are distinct based on the nature and extent of the defendant's contacts with the forum. Id.; Goodyear Dunlop Tires Operations., S.A. v. Brown, 564 U.S. 915, 919 (2011). General jurisdiction applies when the defendant's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum state." Goodyear, 564 U.S. at 919 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 317 (1945)). Where general jurisdiction exists, the defendant's contacts with the state need not be related to the litigation, and, indeed, the forum court "may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different state." Bristol-Myers Squibb, 137 S. Ct. at 1780 (citing Goodyear, 564 U.S. at 919). Specific jurisdiction, in contrast, exists where the litigation arises out of or relates to the defendant's contacts with the forum.[2] Id.

In its motion to dismiss, Delta argues that there are no grounds for this Court to exercise either specific or general jurisdiction over Delta. Defendant notes that Delta is not "at home" in New Jersey; Delta is incorporated in Delaware with its principal place of business in Atlanta, Georgia. See Daimler AG v. Bauman, 571 U.S. 117, 137 (2014) (citing Goodyear, 564 U.S. at

---

[2] In the matter at bar, Plaintiff does not ask this Court to exercise specific jurisdiction over Defendant Delta Air Lines. Based on the facts asserted in the Complaint, it appears that the underlying contract dispute has no relation to New Jersey. The contract was neither formed nor breached in New Jersey, and this is undisputed among the parties. Thus, the Court will focus its discussion on whether this Court can exercise general jurisdiction over Defendant.

924). Despite Plaintiff's claims that "Defendant was registered as a foreign for-profit Louisiana corporation with a main business address in Atlanta, Georgia but a principal NJ business address at Newark International Airport," it remains that Plaintiff fails to show that its operations in New Jersey are "so substantial and of such a nature as to render the corporation at home in that State." (Plaintiff's Opp. Brief 2.); Id. at 139 n.19. The fact that Delta's planes fly into and out of Newark International Airport, and consequently, Delta has a business address in the state of New Jersey, is insufficient to subject Defendant to this Court's general jurisdiction. See Daimler AG, 571 U.S. at 138 (rejecting as "unacceptably grasping" an application of the general jurisdiction analysis that would attach general jurisdiction "in every State in which a corporation engages in a substantial, continuous, and systematic course of business" (internal quotations omitted)). Thus, the Court finds that Plaintiff has failed to carry its burden of establishing personal jurisdiction over Defendant.

Defendant Delta Air Lines also moves to dismiss the action on alternative grounds for improper venue. To determine whether venue is proper, the Court must look to 28 U.S.C. § 1391, which provides as follows:

> (b) Venue in general. A civil action may be brought in - -
>
> > (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> >
> > (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> >
> > (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The federal venue statute further provides that "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." 28 U.S.C. § 1391(c)(2).

Under Section 1391, the District of New Jersey is not an appropriate venue in which to lay this action. The sole Defendant is not a citizen of New Jersey and, for reasons previously discussed, is not subject to the personal jurisdiction of this Court. Nor is there any indication that any part of the events giving rise to this action occurred in New Jersey. In its response to Defendant's motion to dismiss for improper venue, Plaintiff requests that, rather than granting Defendant's motion, venue be transferred to the District of Delaware if the Court were to find that it cannot exercise personal jurisdiction over Defendant.

Transfer of venue is governed by two statutes: 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406. "Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper. Section 1406, on the other hand, applies where the original venue is improper and provides for either transfer or dismissal of the case." Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995). Having found that the District of New Jersey is not an appropriate venue to bring this action, the Court will determine whether transfer of venue is appropriate or whether Defendant's motion to dismiss should be granted.

Section 1406(a) states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The transferor court need not have jurisdiction over the defendant to transfer a case under 28

5

U.S.C. § 1406(a). Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962)). "By allowing for transfer in lieu of dismissal, the statute . . . was designed to prevent any injustice from occurring and save time and resources, should a plaintiff erroneously choose the wrong forum in which to bring an action." NCR Credit Corp. v. Ye Seekers Horizon, Inc., 17 F. Supp. 2d 317, 319 (D.N.J. 1998) (citing Goldlawr, 369 U.S. at 466).

In the matter at bar, Plaintiff erroneously filed suit in New Jersey, an improper venue for the action. It appears that Plaintiff may have done so after mistakenly relying upon a filing that was submitted to the New Jersey Secretary of State which contained Defendant's New Jersey business address. After considering this error, as well as this Court's desire to save time and resources, the Court will exercise its discretion pursuant to Section 1406(a) and transfer the action in lieu of granting Defendant's motion to dismiss.

As previously stated, Defendant is incorporated in the state of Delaware with its principal place of business in Atlanta, Georgia. Because Defendant resides in both Delaware and Georgia within the meaning of Section 1391(b)(1), the District of Delaware and the Northern District of Georgia are venues in which this action could have been brought. Plaintiff requests that, if transferred, the action be transferred to the District of Delaware while Defendant requests that the matter be transferred to the Northern District of Georgia where Delta's headquarters is located. Plaintiff has failed to present the Court with any facts establishing that the contract dispute giving rise to this case has any relation to events that occurred in Delaware and has therefore failed to explain why transfer of venue to the District of Delaware would be appropriate. Given this, the Court finds that transfer of venue to the Northern District of Georgia in Atlanta is in the interest of justice and proper under Section 1406(a).

### III. CONCLUSION

For the foregoing reasons, and in the interest of justice, the Court will transfer venue of this action to the United States District Court for the Northern District of Georgia in Atlanta pursuant to 28 U.S.C. 1406(a). In light of the transfer, Defendant's motion to dismiss for lack of personal jurisdiction and its motion to dismiss for improper venue are denied as moot.

An appropriate order will be filed.

s/ Stanley R. Chesler<br>
STANLEY R. CHESLER<br>
United States District Judge

Dated:  May 6, 2020